ROSEMARY LOBEK, COMPLAINANT-APPELLANT, v. ISAAC GROSS, JULIUS I. KISLAK AND LOUIS KADISON, AS EXECUTORS AND TRUSTEES OF THE LAST WILL AND TESTAMENT OF ISRAEL KORETSKY, DECEASED, DEFENDANTS-RESPONDENTS.

Argued April 4, 1949—Decided April 25, 1949.

*Mr. David Chaimovitz,* of the Illinois Bar, admitted *pro hac vice* (*Mr. Meyer Friedman,* attorney), argued the cause for the appellant.

*Mr. Benjamin Gross* (*Messrs. Gross & Gross,* attorneys) argued the cause for the respondents.

The opinion of the court was delivered by

BURLING, J.  This is an appeal from a decree of the former Court of Chancery dismissing an amended bill filed by Rosemary Lobek seeking the specific performance of an alleged oral agreement made in the State of Illinois between her and Israel Koretsky.  The defendants are the executors and trustees under the will of Koretsky, a deceased resident of this State.  It is alleged in the amended bill that the agreement sought to be performed was made on or about May 15, 1939, and provided that the appellant would be the nurse and companion of the said Koretsky as long as he lived and that she would not marry as long as he lived and that in consideration of the above promise by the appellant it was agreed by Koretsky that he would devise one-half of his entire estate to the appellant.  The bill then recites performance by appellant from that date until the death of Koretsky on January 7, 1946.  Subsequent to his death Koretsky's will was admitted to probate by the former Prerogative Court and the present defendants qualified as executors and trustees thereunder. No mention of appellant is made in the will.

Subsequent to the institution of the suit the defendants caused interrogatories to be served upon the appellant which were admitted into evidence together with the answers thereto. Interrogatory No. 5 and the answer thereto by appellant are as follows:

"5. What specifically was the service which the complainant undertook to render to Israel Koretsky as a companion pursuant to the terms of the agreement alleged in the amended bill of complaint?"

Answer: "5. As a companion, complainant was to travel with Israel Koretsky, attend social functions with him, attend plays, thea-

tres, movies, cocktail parties; to be his hostess, and to entertain for him at social functions for his friends; to play gin rummy and other card games with him, *and further agreed not to marry so long as the said Israel Koretsky remained living.*" (Emphasis supplied.)

The Vice-Chancellor advised a dismissal of the bill upon the ground that the cause of action was based upon an agreement in restraint of marriage and consequently void as contrary to the public policy of this State. With this reasoning we concur. The case is substantially identical to *Lowe v. Doremus,* 84 *N. J. L.* 658 (*E. & A.* 1913), in which case the Court of Errors and Appeals held a similar agreement void. The *Lowe case* is controlling and dispositive.

The appellant has urged that since the contract was made in the State of Illinois and that since such a contract is valid in that state, *Fletcher v. Osborn,* 282 *Ill.* 143, 118 *N. E.* 446 (*Supreme Court of Illinois* 1918), it is enforceable in this State under the principles of comity. This argument overlooks the rule that a contract valid where made will not be enforced in this State if it contravenes the public policy thereof. *Flagg v. Baldwin,* 38 *N. J. Eq.* 219, 224 (*E. & A.* 1884); *Minzesheimer v. Doolittle,* 60 *N. J. Eq.* 394, 397 (*E. & A.* 1899); *Union Locomotive and Express Co. v. Erie Railway Co.,* 37 *N. J. L.* 23, 25 (*Sup. Ct.* 1874); 3 *Beale, Conflict of Laws* (1935), § 612.1, *pp.* 1647, 1650; *Goodrich, Conflict of Laws* (1938), § 8, *p.* 14; 11 *Am. Jur.,* "*Conflict of Laws,*" § 125; *Restatement, Conflict of Laws,* § 612. The contract in this case is of such a nature and consequently will not be enforced by our courts.

The disposition of the case upon this ground makes it unnecessary to consider the remaining questions urged by the appellant, relating to alleged errors in the exclusion of testimony and the denial of a continuance to obtain depositions. By her own admission in the answer to interrogatories the appellant has placed the agreement in the realm of illegal contracts. Since she is therefore not entitled to recover in any event it is pointless to consider the remaining questions.

The decree of the former Court of Chancery is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, WACHENFELD, BURLING and ACKERSON—6.

*For reversal*—None.